# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Marquiz Sanchez Taylor, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:24-cv-00177-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Marquiz Sanchez Taylor ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Respondent filed a motion to dismiss or in the alternative, a motion for summary judgment. (ECF No. 10). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which explained motion to dismiss and motion for summary judgment procedure and warned Petitioner that failure to adequately respond could result in the court granting the motion to dismiss. (ECF No. 11). Petitioner filed a response. (ECF No. 15). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Respondent's motion to dismiss and dismiss the Petition as moot. (ECF No. 17). The Report was mailed to Petitioner at his last known address, (ECF No. 18), and it was not returned to the court as undeliverable. Therefore, Petitioner is presumed to have received the Report. The Report notified Petitioner of his right to file objections

and the consequences for failing to do so, *id.* at 6; however, Petitioner has failed to file any objections to the Report and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having thoroughly reviewed the Report and record, the court agrees with the result and with the explanation for why this case is subject to dismissal. The court takes judicial notice of the fact that Petitioner was released from federal custody on May 6, 2024. *See* Federal Bureau of Prisons, *Inmate Search "First Name: Marquiz, Last Name: Taylor"*, https://www.bop.gov/inmateloc/ (last visited August 27, 2024). As the magistrate judge has noted in the Report, the Fourth Circuit and other courts within this district have repeatedly dismissed § 2241 petitions "challenging only the execution of a prison sentence as moot after a petitioner is released from custody." (ECF No. 17 at 3–4) (collecting cases). "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc. v. NIKE, Inc.,* 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Catawba Riverkeeper Found. V. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (internal quotation marks omitted).

In his Petition, Petitioner requests that the court order the Bureau of Prisons to apply additional days of Good Time Credit to his sentence and recalculate his release date. (ECF No. 1 at 8 – 9). In his response to Respondent's motion to dismiss, Petitioner requests that the court still issue a ruling regarding a calculation of his release date "even if [he] is released prior to the court reaching its decision" and "even if [his] Petition becomes irrelevant." (ECF No. 15 at 4). Petitioner

mentions that he seeks this ruling because it might "help many others." *Id.* In essence, Petitioner has agreed that, upon his release, his personal claims within the Petition are moot – specifically calling them "irrelevant." Notably, as Petitioner has been released, any request for expedited release in the Petition is now moot. Similarly, his request for any restoration of Good Time Credits is moot "because any time he allegedly overserved cannot be applied to shorten his supervised release term." *Jones v. Bolster*, 850 Fed. App'x 839, 839 (4th Cir. 2021) (citing *United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020)). To the extent Petitioner seeks to have the court retroactively change his projected release date despite him being already released, the court declines to do so, as the magistrate judge correctly determined Petitioner cannot bring a petition on behalf of other inmates. (ECF No. 17 at 4) (collecting cases). "[A]s a layperson, [Petitioner] cannot represent other parties. A non-attorney cannot represent another party, even if acting as a next friend" under *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). *Banks as next friend of Waymer v. Eddy*, 801 Fed. App'x 50, 51 (3rd. Cir. 2020).

The Report in this case recommended this court find the Petition to be moot and explained the reasoning therefor. (ECF No. 17 at 2–4). The Report further indicated that Petitioner could not assert claims on behalf of other inmates. *Id.* at 4–5. Petitioner was given an opportunity to object, and he has failed to do so within the time allotted. Accordingly, having reviewed this case and the Record in full and finding the Petition to be moot based on the relief requested and Petitioner having already been released from custody, the court **ADOPTS** the Report to the extent it recommends that the court dismiss the Petition as moot (ECF No. 17), and incorporates it herein to that extent. However, because Respondent's motion to dismiss did not focus on dismissal for mootness, the court **DECLINES** to adopt the Report to the extent it recommends granting Respondent's motion to dismiss (ECF No. 10). Accordingly, the court finds that both the Petition

(ECF No. 1) and motion to dismiss (ECF No. 10) are moot, and both are hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 28, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.